IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:18-cv-00148-FL

| | | |
|---|---|---|
| BETTY EILEEN DONOVAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | **DEFENDANTS' ANSWER AND** |
| v. | ) | **AFFIRMATIVE DEFENSES TO** |
| | ) | **FIRST AMENDED COMPLAINT** |
| | ) | |
| BRAGG MUTUAL FEDERAL CREDIT | ) | |
| UNION and JOHN SZOKA, individually, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

Now come Defendants Bragg Mutual Federal Credit Union ("Defendant Bragg Mutual") and John Szoka ("Defendant Szoka") (collectively, "Defendants"), by and through counsel of record, and in response to the allegations contained in Plaintiff's First Amended Complaint, state the following:

**<u>FIRST DEFENSE</u>**

Defendants respond to the individually numbered paragraphs in the First Amended Complaint as follows [subtitles contained in the First Amended Complaint are included as they appear for reference only and are not admitted as true for any purpose]:

NATURE OF THE CASE

1.     The allegations contained in Paragraph 1 of the First Amended Complaint are denied.

2.     The allegations contained in Paragraph 2 of the First Amended Complaint are admitted.

3.      With regard to the allegations contained in Paragraph 3 of the First Amended Complaint, it is admitted that Defendant Szoka is the Chairman of Defendant Bragg Mutual's Board of Directors, that he is a member of North Carolina's General Assembly, and that he is running for re-election in November 2018.  The remaining allegations contained in Paragraph 3 of the First Amended Complaint are denied.

4.      With regard to the allegations contained in Paragraph 4 of the First Amended Complaint, it is admitted that a website maintained by Defendant Szoka includes the statement referenced therein and serves as the best evidence of its content.

5.      The allegations contained in Paragraph 5 of the First Amended Complaint are denied.

6.      The allegations contained in Paragraph 6 of the First Amended Complaint are denied.

7.      The allegations contained in Paragraph 7 of the First Amended Complaint are denied.

PARTIES, JURISDICTION AND VENUE

8.      Upon information and belief, the allegations contained in Paragraph 8 of the First Amended Complaint are admitted.

9.      The allegations contained in Paragraph 9 of the First Amended Complaint are admitted.

10.      The allegations contained in Paragraph 10 of the First Amended Complaint are admitted.

11.      The allegations contained in Paragraph 11 of the First Amended Complaint are admitted.

12.      The allegations contained in Paragraph 12 of the First Amended Complaint are denied.

13.     The allegations contained in Paragraph 13 of the First Amended Complaint are admitted.

FACTS

I.     BRAGG MUTUAL'S BOARD OF DIRECTORS

14.     The allegations contained in Paragraph 14 of the First Amended Complaint are admitted.

15.     The allegations contained in Paragraph 15 of the First Amended Complaint are admitted.

16.     With regard to the allegations contained in Paragraph 16 of the First Amended Complaint, it is admitted that the Board of Directors for Defendant Bragg Mutual is expected to comply with its bylaws and with the Federal Credit Union Act ("FCUA") and its regulations. The remaining allegations contained in Paragraph 16 of the First Amended Complaint are denied.

17.     The allegations contained in Paragraph 17 of the First Amended Complaint are denied.

18.     With regard to the allegations contained in Paragraph 18 of the First Amended Complaint, Defendants state that the provisions contained in the *Credit Union Board of Directors Handbook* ("Handbook") referenced in the First Amended Complaint speak for themselves and are the best evidence of their content. It is denied that the Handbook constitutes legal authority. To the extent the allegations contained in the First Amended Complaint contradict or are not consistent with those provisions, and to the extent Paragraph 18 of the First Amended Complaint, including all subparts therein, alleges that Defendants violated the Handbook, Defendant Bragg Mutual's bylaws, and/or the FCUA, said allegations are denied.

3

19.     The allegations contained in Paragraph 19 of the First Amended Complaint are denied.

20.     The allegations contained in Paragraph 20 of the First Amended Complaint are denied.

21.     The allegations contained in Paragraph 21 of the First Amended Complaint are denied.

II.     MS. DONOVAN'S EMPLOYMENT AT BRAGG MUTUAL

22.     With regard to the allegations contained in Paragraph 22 of the First Amended Complaint, it is admitted that Plaintiff has been an employee of Defendant Bragg Mutual for thirty (30) years.  The remaining representations contained in Paragraph 22 of the First Amended Complaint are denied.

23.     With regard to the allegations contained in Paragraph 23 of the First Amended Complaint, it is admitted that Plaintiff was appointed as President/CEO of Defendant Bragg Mutual in November of 2015.  The remaining representations contained in Paragraph 23 of the First Amended Complaint are denied.

24.     With regard to the allegations contained in Paragraph 24 of the First Amended Complaint, it is admitted that as President/CEO of Defendant Bragg Mutual, Plaintiff earns a salary and various benefits.  The remaining representations contained in Paragraph 24 of the First Amended Complaint are denied.

25.     The allegations contained in Paragraph 25 of the First Amended Complaint are denied.

4

26. The allegations contained in Paragraph 26 of the First Amended Complaint are denied.

III. JOHN SZOKA AND/OR BRAGG MUTUAL REPEATEDLY ENGAGE IN UNLAWFUL CONDUCT TOWARDS MS. DONOVAN

27. The allegations contained in Paragraph 27 of the First Amended Complaint are denied.

28. The allegations contained in Paragraph 28 of the First Amended Complaint are denied.

29. The allegations contained in Paragraph 29 of the First Amended Complaint are denied.

30. The allegations contained in Paragraph 30 of the First Amended Complaint are denied.

31. With regard to the allegations contained in Paragraph 31 of the First Amended Complaint, it is admitted that on April 20, 2018, counsel for Plaintiff copied counsel for the Defendants on a communication to the National Credit Union Administration's ("NCUA") Office of General Counsel in which he alleged that the Defendants were engaging in the acts referenced in this First Amended Complaint. This is the first notification Defendants received of any communications by Plaintiff or by her attorney with the NCUA. To the extent inconsistent with this notification, the allegations contained in Paragraph 31 of the First Amended Complaint are denied.

32. The allegations contained in Paragraph 32 of the First Amended Complaint are denied.

33.     The allegations contained in Paragraph 33 of the First Amended Complaint are denied.

34.     The allegations contained in Paragraph 34 of the First Amended Complaint are denied.

35.     The allegations contained in Paragraph 35 of the First Amended Complaint are denied.

36.     The allegations contained in Paragraph 36 of the First Amended Complaint are denied.

37.     The allegations contained in Paragraph 37 of the First Amended Complaint are denied.

38.     The allegations contained in Paragraph 38 of the First Amended Complaint are denied.

39.     The allegations contained in Paragraph 39 of the First Amended Complaint are denied.

40.     The allegations contained in Paragraph 40 of the First Amended Complaint are denied.

41.     The allegations contained in Paragraph 41 of the First Amended Complaint are denied.

42.     The allegations contained in Paragraph 42 of the First Amended Complaint are denied.

43.     The allegations contained in Paragraph 43 of the First Amended Complaint are denied.

44. The allegations contained in Paragraph 44 of the First Amended Complaint are denied.

45. The allegations contained in Paragraph 45 of the First Amended Complaint are denied.

46. The allegations contained in Paragraph 46 of the First Amended Complaint are denied.

47. The allegations contained in Paragraph 47 of the First Amended Complaint are denied.

48. The allegations contained in Paragraph 48 of the First Amended Complaint are denied.

49. The allegations contained in Paragraph 49 of the First Amended Complaint are denied.

50. The allegations contained in Paragraph 50 of the First Amended Complaint are denied.

51. The allegations contained in Paragraph 51 of the First Amended Complaint are denied.

IV. MR. SZOKA AND BRAGG MUTUAL CONTINUE THEIR UNLAWFUL CAMPAIGN AGAINST MS. DONOVAN POST-FEBRUARY 15, 2018

52. With regard to the allegations contained in Paragraph 52 of the First Amended Complaint, it is admitted that the Defendants are aware of communications from Plaintiff's counsel to Defendant Bragg Mutual's Supervisory Committee between early March of 2018 and May of 2018 and of communications from Plaintiff's counsel to NCUA's Office of General Counsel beginning

7

in April of 2018. The remaining representations contained in Paragraph 52 of the First Amended Complaint are denied.

53.     With regard to the allegations contained in Paragraph 53 of the First Amended Complaint, the documents referenced therein speak for themselves and are the best evidence of their content. To the extent said documents are inconsistent with or contradict the representations contained in Paragraph 53 of the First Amended Complaint, said allegations are denied.

54.     The allegations contained in Paragraph 54 of the First Amended Complaint are denied.

55.     The allegations contained in Paragraph 55 of the First Amended Complaint are admitted.

56.     The allegations contained in Paragraph 56 of the First Amended Complaint are denied.

57.     The allegations contained in Paragraph 57 of the First Amended Complaint, including all subparts, are denied.

58.     The allegations contained in Paragraph 58 of the First Amended Complaint are denied.

59.     The allegations contained in Paragraph 59 of the First Amended Complaint are denied.

60.     With regard to the allegations contained in Paragraph 60 of the First Amended Complaint, it is admitted that Defendant Bragg Mutual's outside counsel served as parliamentarian for the annual meeting and responded to inquiries about Plaintiff's status with the advice that such matters are personnel matters which Defendant Bragg Mutual was not at liberty to discuss within the

context of the annual meeting. The remaining representations contained in Paragraph 60 of the First Amended Complaint are denied.

61. With regard to the allegations contained in Paragraph 61 of the First Amended Complaint, it is admitted that a motion to table further discussion about Plaintiff's status was made, seconded, and passed. The remaining representations contained in Paragraph 61 of the First Amended Complaint are denied.

62. The allegations contained in Paragraph 62 of the First Amended Complaint are denied.

63. The allegations contained in Paragraph 63 of the First Amended Complaint are denied.

64. With regard to the allegations contained in Paragraph 64 of the First Amended Complaint, it is admitted that Plaintiff's counsel has made representations to Defendants and their counsel that Plaintiff had communicated with the NCUA about the allegations contained in the First Amended Complaint, although no such alleged communications were shared with the Defendants until April of 2018. The remaining representations contained in Paragraph 64 of the First Amended Complaint are denied.

65. With regard to the allegations contained in Paragraph 65 of the First Amended Complaint, it is admitted that Plaintiff filed her original Complaint in this case on April 9, 2018 and a charge with the Equal Employment Opportunity Commission on May 4, 2018. The remaining allegations contained in Paragraph 65 of the First Amended Complaint are denied.

66. With regard to the allegations contained in Paragraph 66 of the First Amended Complaint, it is admitted that on April 18, 2018, Defendant Bragg Mutual sent Plaintiff a copy of

the agenda for the April 19, 2018 Board meeting, together with a copy of the minutes from the prior month's stated Board meeting. The remaining allegations contained in Paragraph 66 of the First Amended Complaint are denied.

67. With regard to the allegations contained in Paragraph 67 of the First Amended Complaint, it is admitted that Plaintiff did not receive copies of any other documentation from the Defendants on April 18, 2018. The document referenced in Paragraph 67 of the First Amended Complaint speaks for itself and is the best evidence of its content. To the extent the representations contained in Paragraph 67 of the First Amended Complaint are inconsistent with or contradict said document, said allegations are denied. The remaining allegations contained in Paragraph 67 of the First Amended Complaint are denied.

68. With regard to the allegations contained in Paragraph 68 of the First Amended Complaint, it is admitted that Plaintiff attended the April 19, 2018 Board meeting. The remaining allegations contained in Paragraph 68 of the First Amended Complaint are denied.

69. With regard to the allegations contained in Paragraph 69 of the First Amended Complaint, it is admitted that Plaintiff attended the April 19, 2018 Board meeting. The remaining allegations contained in Paragraph 69 of the First Amended Complaint are denied.

70. With regard to the allegations contained in Paragraph 70 of the First Amended Complaint, it is admitted that Plaintiff attended the April 19, 2018 Board meeting. The remaining allegations contained in Paragraph 70 of the First Amended Complaint are denied.

71. With regard to the allegations contained in Paragraph 71 of the First Amended Complaint, it is admitted that Plaintiff attended the April 19, 2018 Board meeting. The remaining allegations contained in Paragraph 71 of the First Amended Complaint are denied.

72.     With regard to the allegations contained in Paragraph 72 of the First Amended Complaint, it is admitted that Plaintiff attended the April 19, 2018 Board meeting. The remaining allegations contained in Paragraph 72 of the First Amended Complaint are denied.

73.     With regard to the allegations contained in Paragraph 73 of the First Amended Complaint, it is admitted that Plaintiff attended the April 19, 2018 Board meeting. The remaining allegations contained in Paragraph 73 of the First Amended Complaint are denied.

74.     With regard to the allegations contained in Paragraph 74 of the First Amended Complaint, it is admitted that on April 20, 2018, counsel for the Defendants received a copy of a communication from Plaintiff's counsel to the NCUA Office of General Counsel which speaks for itself and is the best evidence of its content. To the extent the representations contained in Paragraph 74 of the First Amended Complaint are inconsistent with or contradict said communication, said allegations are denied. The remaining allegations contained in Paragraph 74 of the First Amended Complaint are denied.

75.     With regard to the allegations contained in Paragraph 75 of the First Amended Complaint, it is admitted that Defendant Bragg Mutual conducted a Board meeting on May 17, 2018. The remaining allegations contained in Paragraph 75 of the First Amended Complaint are denied.

76.     The allegations contained in Paragraph 76 of the First Amended Complaint are denied.

## FIRST CLAIM FOR RELIEF
(FCUA Whistleblower Claim – 12 U.S.C. § 1790b)

77.     Defendants incorporate herein by reference their responses to Paragraphs 1 through 76 of the First Amended Complaint.

78.    The allegations contained in Paragraph 78 of the First Amended Complaint are admitted.

79.    The allegations contained in Paragraph 79 of the First Amended Complaint are admitted.

80.    With regard to the allegations contained in Paragraph 80 of the First Amended Complaint, it is admitted that Defendant Bragg Mutual was copied on a communication from counsel for Plaintiff to the NCUA's Office of General Counsel on April 20, 2018 and received at least one subsequent communication addressed to the NCUA, which speak for themselves and are the best evidence of their content.  Except as admitted, Defendants possess insufficient knowledge to either admit or deny the allegations contained in Paragraph 80 of the First Amended Complaint.

81.    The allegations contained in Paragraph 81 of the First Amended Complaint are denied.

82.    The allegations contained in Paragraph 82 of the First Amended Complaint are denied.

83.    The allegations contained in Paragraph 83 of the First Amended Complaint are denied.

SECOND CLAIM FOR RELIEF<br>(Tortious Interference With Contract)

84.    Defendants incorporate herein by reference their responses to Paragraphs 1 through 83 of the First Amended Complaint.

85.    The allegations contained in Paragraph 85 of the First Amended Complaint are denied.

86.     The allegations contained in Paragraph 86 of the First Amended Complaint are denied.

87.     The allegations contained in Paragraph 87 of the First Amended Complaint are denied.

88.     The allegations contained in Paragraph 88 of the First Amended Complaint are denied.

89.     The allegations contained in Paragraph 89 of the First Amended Complaint are denied.

90.     The allegations contained in Paragraph 90 of the First Amended Complaint are denied.

91.     The allegations contained in Paragraph 91 of the First Amended Complaint are denied.

92.     The allegations contained in Paragraph 92 of the First Amended Complaint are denied.

THIRD CLAIM FOR RELIEF
(Wrongful Discharge In Violation of North Carolina Public Policy)

93.     Defendants incorporate herein by reference their responses to Paragraphs 1 through 92 of the First Amended Complaint.

94.     The allegations contained in Paragraph 94 of the First Amended Complaint are denied.

95.     The allegations contained in Paragraph 95 of the First Amended Complaint are denied.

13

96. The allegations contained in Paragraph 96 of the First Amended Complaint are denied.

97. The allegations contained in Paragraph 97 of the First Amended Complaint are denied.

98. The allegations contained in Paragraph 98 of the First Amended Complaint constitute conclusions of law to which a response is not required. To the extent a response is required, said allegations are denied.

99. The allegations contained in Paragraph 99 of the First Amended Complaint are denied.

100. The allegations contained in Paragraph 100 of the First Amended Complaint are denied.

FOURTH CLAIM FOR RELIEF
(Civil Conspiracy)

101. Defendants incorporate herein by reference their responses to Paragraphs 1 through 100 of the First Amended Complaint.

102. The allegations contained in Paragraph 102 of the First Amended Complaint are denied.

103. The allegations contained in Paragraph 103 of the First Amended Complaint are denied.

104. The allegations contained in Paragraph 104 of the First Amended Complaint are denied.

14

105.    The allegations contained in Paragraph 105 of the First Amended Complaint are denied.

FIFTH CLAIM FOR RELIEF
(Punitive Damages)

106.    Defendants incorporate herein by reference their responses to Paragraphs 1 through 105 of the First Amended Complaint.

107.    The allegations contained in Paragraph 107 of the First Amended Complaint are denied.

108.    The allegations contained in Paragraph 108 of the First Amended Complaint are denied.

Wherefore, Defendants deny that Plaintiff is entitled to any of the remedies demanded in her prayer for relief and assert their Affirmative Defenses to the First Amended Complaint as follows:

**SECOND SEPARATE AND AFFIRMATIVE DEFENSE**
**(Failure to State Facts Sufficient to State a Claim)**

The First Amended Complaint, and each purported Claim for Relief contained therein, fails to allege facts sufficient to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**THIRD SEPARATE AND AFFIRMATIVE DEFENSE**
**(Defendants' Legitimate Non-Discriminatory Decisions)**

The First Amended Complaint, and each purported Claim for Relief contained therein, is barred in whole or in part because all decisions with respect to Plaintiff's employment were made by Defendant Bragg for legitimate, non-discriminatory, non-pretextual, and reasonable factors unrelated to Plaintiff's sex or age.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Estoppel, Waiver, and Unclean Hands)

Subject to proof through discovery, Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or unclean hands by reason of the Plaintiff's own actions and course of conduct.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Statutes of Limitation)

Plaintiff's claims are barred by applicable statutes of limitation.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE
### (No Violation of Public Policy)

Plaintiff's wrongful discharge in violation of public policy claim against Defendants fails as a mater of law because Plaintiff did not engage in any protected activity under the North Carolina Retaliatory Employment Discrimination Act, the North Carolina Equal Employment Practices Act, or any other North Carolina law or public policy. In any event, Defendants had no knowledge of any protected activity prior to the date of the purported discharge.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Employment at Will)

Plaintiff's employment is at will, and no contractual obligations arise from it.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Contractual Claims Lack Merit)

Plaintiff's contractual claims are barred by the Statute of Frauds, absence of consideration, and/or lack of mutual obligation.

16

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Defendant Bragg Mutual's Reasonable Care)

The First Amended Complaint, and each purported Claim for Relief contained therein, is barred because Defendant Bragg Mutual exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure to Take Advantage of Preventive or Corrective Opportunities)

The First Amended Complaint, and each purported Claim for Relief contained therein, is barred because Plaintiff failed to take advantage of any preventive or corrective opportunities provided by Defendant Bragg Mutual to avoid harm or otherwise.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Plaintiff's Failure to Mitigate Damages)

Defendants deny liability and deny that Plaintiff has sustained damages. In the alternative, Plaintiff's damages, if any, should be barred or reduced to the extent that she has failed to properly mitigate her alleged damages by taking advantage of any preventive or corrective opportunities provided by Defendant Bragg Mutual to avoid harm or otherwise. If liability is established, Defendants are entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings or compensation Plaintiff could have earned had she made a reasonable effort to mitigate her damages as required by law.

Case 5:18-cv-00148-FL   Document 22   Filed 06/08/18   Page 17 of 22

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Doctrine of After-Acquired Evidence)

To the extent Defendants discover during the course of this action that Plaintiff engaged in any additional conduct that would warrant discharge or other employment action under any of Defendant Bragg Mutual's policies, practices, or procedures, Plaintiff's alleged damages should be limited or barred in accordance with the after-acquired evidence doctrine, and Defendants reserve the right to assert the after-acquired evidence doctrine in such event.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Advice of Counsel)

To the extent that any of the alleged wrongs were committed after Defendants reasonably relied in good faith on the advice of counsel, any and all claims are barred as against Defendants in their entirety.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure to Exhaust Federal Administrative Remedies)

To the extent that Plaintiff's claims of discrimination and retaliation are based on Defendants' alleged violation of Title VII of the Civil Rights Act of 1964 and/or the Age Discrimination in Employment Act, which allegations are denied, Plaintiff has failed to exhaust all available administrative remedies and/or otherwise failed to comply with the statutory prerequisites to the bringing of this action.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Scope of Charge Limits Subject Matter Jurisdiction)

To the extent Plaintiff's claims differ from, were not included in, or exceed the scope of the charge of discrimination she filed with the Equal Employment Opportunity Commission, and to the extent Plaintiff's claims of discrimination and retaliation are based on Defendants' alleged violation of Title VII of the Civil Rights Act of 1964 and/or the Age Discrimination in Employment Act, the Court lacks jurisdiction over the subject matter of these claims.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Mixed Motive)

Defendants state that, even if the Plaintiff is able to prove that a prohibited factor motivated the Defendants' alleged employment action, which Defendants expressly deny, the same action would have been taken even absent such motivation and, therefore, Plaintiff's claims must fail.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Absence of Intentional Discrimination Precludes Punitive Damages)

Defendants allege that they have not engaged in intentional discrimination or retaliation with respect to Plaintiff and Defendants therefore cannot be liable for punitive damages.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Absence of Malice, Reckless Indifference or Fraud Precludes Punitive Damages)

Defendants allege that they have not acted with malice, reckless indifference or fraud toward Plaintiff and Defendants therefore cannot be liable for punitive damages.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Defendant Bragg Mutual's Policies and Good Faith Efforts Preclude Punitive Damages)

Plaintiff is barred from recovering punitive damages because Defendant Bragg Mutual has in place a policy to prevent discrimination and retaliation in its workplace and has made good faith efforts to implement and enforce that policy and to comply with Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the North Carolina Equal Employment Practices Act, the Federal Credit Union Act, and all other federal and state civil rights laws.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Defendants reserve the right to amend their answer to assert any additional affirmative defenses that may become warranted or applicable as a result of discovery in this action.

WHEREFORE, having fully answered the allegations contained in Plaintiff's First Amended Complaint, Defendants pray the Court as follows:

1.    That Plaintiff's First Amended Complaint be dismissed with prejudice;

2.    That Plaintiff have and recover nothing from the Defendants;

3.    That the Defendants recover their costs and, where applicable, reimbursement of their attorney's fees from Plaintiff; and

4.    For such other and further relief as the Court may deem just and proper.

This the 8th day of June, 2018.

/s/ Connie E. Carrigan
Connie E. Carrigan
N.C. State Bar No. 16583
Attorney for Defendants
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
Post Office Box 26268
Raleigh, North Carolina 27611
cccarrigan@smithdebnamlaw.com
Telephone: (919) 250-2000
Fax: (919) 250-2211

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:18-cv-00148-FL

BETTY EILEEN DONOVAN,       )
      )
      Plaintiff       )
      )
      v.       ) CERTIFICATE OF SERVICE
      )
BRAGG MUTUAL FEDERAL CREDIT       )
UNION and JOHN SZOKA, individually,       )
      )
      Defendants       )
      )

I, Connie E. Carrigan, of Smith Debnam Narron Drake Saintsing & Myers, L.L.P., state under penalty of perjury:

That I am, and at all times hereinafter-mentioned was, more than eighteen (18) years of age; and

That on the 8th day of June, 2018, I electronically filed the foregoing Answer to First Amended Complaint with the Clerk of Court and with Plaintiff's counsel via the CM/ECF system and served same upon the following by mailing a copy thereof, postage prepaid as follows:

Nicholas J. Sanservino, Jr.
Laura L. Noble
THE NOBLE LAW FIRM, PLLC
141 Providence Road, Suite 210
Chapel Hill, NC 27514
*Attorneys for Plaintiff*

This the 8th day of June, 2018.

/s/Connie E. Carrigan
Connie E. Carrigan

22