# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### Case No. 5:18-cv-00148-FL

BETTY EILEEN DONOVAN,                    )
                                         )
               Plaintiff,           )
                                         )
v.                                       )
                                         )
BRAGG MUTUAL FEDERAL CREDIT UNION        )
and JOHN SZOKA, individually,            )
                                         )
               Defendants.          )
_____)

## <u>CONSENT PROTECTIVE ORDER</u>

This matter is before the Court for entry of a Consent Protective Order on the parties'

joint motion.  By agreement of the parties, Plaintiff Betty Eileen Donovan (hereinafter

"Donovan") and Defendants Bragg Mutual Federal Credit Union (hereinafter "Bragg Mutual")

and John Szoka (hereinafter "Szoka"), in order to protect private, proprietary, and confidential

information contained in documents and testimony that the parties and/or non-parties produce

during discovery in this matter, it is hereby STIPULATED and AGREED between the parties

and ORDERED pursuant to Rule 26 of the Federal Rules of Civil Procedure that the above-

captioned action shall be governed by the following Protective Order:

       1.      **<u>PURPOSES AND LIMITATIONS</u>**.  Disclosure and discovery activity in this

action may involve production of confidential, proprietary, or private information for which

special protection from public disclosure may be warranted.  The parties acknowledge that this

Order does not confer blanket protections on all disclosures or responses to discovery and that

the protection it affords extends only to the limited information or items that are entitled, under

applicable legal principles, to treatment as confidential. The procedures set forth herein shall not relieve a party of the necessity of making timely responses or objections to discovery requests.

2. **DEFINITION OF CONFIDENTIAL INFORMATION**.

a. "Confidential Information" shall mean data (whether kept in electronic or hard copy form) that is: (i) business information that contains proprietary and/or sensitive financial information such as corporate financial statements or financial records; corporate policies; member and vendor information or contracts; personal information about Defendants' current or former employees and members, including, but not limited to, personnel records and other employment-related information; records related to time worked and pay; income tax records; documents related to employee benefits; and all other documents containing private employment-related information, health-related information, spouse and other dependent information; all personally identifiable information, to include names, dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments; and financial information (such as tax records, credit reports, loan applications, bank account information or documents showing profits, losses, payments or income; profit and loss analyses, cash flow projections, debts, liabilities, or sale prices; trade secrets; confidential research, or commercial information that would significantly undercut a legitimate competitive commercial advantage of a Disclosing Party (defined below) if disclosed; (ii) sensitive personal information ("SPI") that, if disclosed would likely result in substantial harm, embarrassment or unfairness to an individual. The parties agree that, for purposes of this litigation, SPI shall include a Disclosing Party's social

2

security number, bank account records, tax returns, credit card or debit card numbers, driver's license number, passport number, diary or journal entries, medical records including mental health records.

b. "Confidential Information" as used in this Protective Order specifically does <u>not</u> include nonpublic records as defined in 12 C.F.R. 792.49, including, but not limited to, records created in connection with the National Credit Union Administration's examination and supervision of Defendant Bragg Mutual, an insured credit union, including examination reports, internal memoranda, and correspondence, as well as records created in connection with the National Credit Union Administration's enforcement and investigatory responsibilities relating to the Defendants, as the parties hereto stipulate and agree that all such nonpublic records must be produced and requested in strict accordance with the procedures set forth in 12 C.F.R. Part 792, Subpart C.

c. "Confidential Information" does <u>not</u> include information that: (i) is in the public domain at the time of disclosure; (ii) becomes part of the public domain through no fault of the Receiving Party (defined below); (iii) the Receiving Party can show was in its rightful and lawful possession at the time of disclosure; or that (iv) the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure.

d. Parties and Non-parties (as defined herein) may designate any Confidential Information supplied in any form, or any portion thereof, as Protected Material (defined below) for purposes of this litigation. Such designation shall constitute a representation to the Court that said Parties, Non-parties, and/or their counsel believe in good faith: (i) that the information constitutes Confidential Information; and (ii) that there is good cause for the Confidential Information to be protected from public disclosure. The Parties and Non-parties shall make a

good faith effort to designate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

e.    Parties and Non-parties may refrain from producing any documentation or details in their possession which constitute nonpublic records as defined in 12 C.F.R. 792.49, with the understanding that all such nonpublic records must be produced and requested from the National Credit Union Administration in strict accordance with the procedures set forth in 12 C.F.R. Part 792, Subpart C.

3.      **ADDITIONAL DEFINITIONS**.

a.    "Party": any party to this action, including all of its officers, directors, employees (when disclosure is determined by a corporate party to be necessary in connection with the litigation), consultants, retained experts, and outside counsel (and their support staff).

b.    "Non-party":  any individual, corporation, association, or other natural person or entity other than a party.

c.    "Disclosure or Discovery Material": all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

d.    "Protected Material": any Disclosure or Discovery Material that is designated by a Party or Non-party as "Confidential Information" in accordance with paragraph 2, unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order designating the material confidential within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

e.   "Receiving Party": a Party that receives Disclosure or Discovery Material from a Producing Party.

f.   "Producing Party": a Party or Non-party that produces Disclosure or Discovery Material in this action.

g.   "Designating Party": a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material.  The Party or Non-party designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such information or items.

h.   "Challenging Party": a Party that elects to initiate a challenge to a Designating Party's confidentiality designation.

i.   "Outside Counsel": attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

j.   "In-House Counsel": attorneys who are employees of a Party.

k.   "Counsel" (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

l.   "Expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its/her/his counsel to serve as an expert witness or as a consultant in this action and who is not: (a) a past or a current employee of a Party; or (b) at the time of retention, anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

m.  "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

4.  **DURATION**.  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.  **DESIGNATING PROTECTED MATERIAL CONFIDENTIAL**.

a.  **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

b.  **Manner and Timing of Designations**.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

c.  **Designation in Conformity with this Order.**

i.  **Documents.**  For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) *(e.g.,* by making appropriate markings in the margins, but not over text).

6

ii. **Copies**. A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins, but not over text).

iii. **Testimony**. For testimony given in deposition or in other pretrial or trial proceedings, the Party or Non-party offering or sponsoring the testimony must identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt of the deposition transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20-day time frame referenced herein shall be covered by the provisions of this Stipulated Protective Order.

7

iv. **Transcripts.** Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL," as instructed by the Party or Non-party offering or sponsoring the witness or presenting the testimony. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins, but not over text).

v. **Electronically Stored Information**. For information produced electronically, the Producing Party must electronically affix the label "CONFIDENTIAL" to the electronic documents it is producing. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

6. <u>**INCORRECT DESIGNATIONS**</u>.

a. **Mistaken Designation**. If it comes to a Party's or a Non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or Non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

b. **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items as "confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8

7.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

    a.    **Timing of Challenges**.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    b.    **Meet and Confer**.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party ten (10) days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    c.    **Formal Challenge to Designation**.   If, after engaging in the meet and confer process, a Challenging Party still contends that a confidentiality designation was not proper, the Challenging Party may at any time give written notice by way of a letter to the Designating Party stating its objection to the confidentiality designation. The Designating Party has fourteen (14) days from receipt of such written notice to apply to the Court for an order specifically designating the Disclosure or Discovery Material at issue as confidential.  The Party seeking such an order has the burden of establishing good cause for the Disclosure or Discovery Material to be treated as confidential.

d. **Treatment of Information While Challenge is Pending**. Notwithstanding any challenge to the designation of Disclosure or Discovery Material as Confidential, all materials designated as such must be treated as such and subject to this order until one of the following occurs:

o The Designating Party withdraws its confidentiality designation in writing;

o The Designating Party fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

o The Court decides the material at issue is not subject to protection as confidential.

8. **ACCESS TO AND USE OF PROTECTED MATERIAL.**

a. **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions as are described herein. When the litigation has been terminated, a Receiving Party must comply with the provisions below regarding Final Disposition.

b. **Security of Protected Material**. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

c. **Disclosure of Protected Material**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

i. Outside Counsel of record of any Party in this action, including associated personnel necessary to assist Outside Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

ii. Parties to this litigation and their officers, directors, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for this litigation;

iii. Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the "Acknowledgment and Agreement to Be Bound by Consent Protective Order" (Exhibit A);

iv. The Court, including associated personnel necessary to assist the Court in its functions, and the jury;

v. Litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Consent Protective Order" (Exhibit A);

vi. Other professional vendors to whom disclosure is reasonably necessary for this litigation and for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Consent Protective Order" (Exhibit A);

vii. Any actual or potential witness in the action who has signed the "Acknowledgment and Agreement to Be Bound by Consent Protective Order" (Exhibit A),

provided that counsel believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted herein;

viii. The author of the document or the original source of the information; Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings and who has signed the "Acknowledgment and Agreement to Be Bound by Consent Protective Order" (Exhibit A);

ix. Any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Consent Protective Order" (Exhibit A); and

x. Any other person or entity as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

a. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "confidential," the Receiving Party must so notify the Designating Party, in writing (by e-mail or fax, if possible) within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered

by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

11. **PROTECTED MATERIAL IN COURT**. This Order does not seal court records in this case or apply to the disclosure of Protected Material at trial. It is only intended to facilitate the prompt production of Discovery Materials. A Party that seeks to file under seal any Protected Material, seal the court record, or close trial proceedings must comply with applicable law.  To the extent any Confidential Materials are filed with the Court, counsel filing the confidential material shall comply with Local Rule 79.2 and Section V.G. of the Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual").  The Party seeking to maintain Confidential Materials under seal shall file a motion to seal, supporting memorandum and proposed order in accordance with Section V.G. of the Policy Manual.

12. **FINAL DISPOSITION.**

a.  Unless otherwise ordered or agreed in writing by the Producing Party, and if requested by the Producing Party, each Receiving Party must return all Protected Material to the

Producing Party within thirty (30) days after the final termination of this action, including any and all appeals taken therefrom. In lieu thereof, counsel may, at their option, confirm in writing to opposing counsel that counsel has destroyed all Confidential Materials subject to the provisions of this Order that are within said counsel's possession, custody, or control. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

  b. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 4 (DURATION), above.

  13. **<u>MISCELLANEOUS</u>.**

  a. **Public Health and Safety**. Nothing in this Order is intended to prevent any party from raising with the Court any concern that the non-disclosure of certain Protected Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

  b. **Right to Further Rel**ief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

  c. **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14

**IT IS SO ORDERED.**


Dated: _____



_____
LOUISE W. FLANAGAN
United States District Judge


AGREED AND CONSENTED TO BY:


/s/ Nicholas J. Sanservino, Jr.
Nicholas J. Sanservino, Jr.
N.C. State Bar No. 36557
THE NOBLE LAW FIRM, PLLC
141 Providence Road, Suite 210
Chapel Hill, NC 27514
Telephone:   919-251-6008
Facsimile:   919-869-2079
nsanservino@thenoblelaw.com
*Attorneys for Plaintiff*

/s/ Connie E. Carrigan
Connie E. Carrigan
N.C. State Bar No. 16583
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
4601 Six Forks Road, Suite 400
Raleigh, NC 27609
Telephone:   919-250-2119
Facsimile:   919-250-2211
ccarrigan@smithdebnamlaw.com
*Attorneys for Defendants*

**ATTACHMENT A**
(Acknowledgment & Agreement To Be Bound By Consent Protective Order)

I acknowledge that I have read the attached Consent Protective Order in the lawsuit captioned as <u>Betty Eileen Donovan v. Bragg Mutual Federal Credit Union & John Szoka</u>, Case No. 5:18-cv-00148-FL (E.D.N.C.) ("the Lawsuit"). I further acknowledge that I understand the contents of the Consent Protective Order, and I agree to comply with and be bound by the restrictions relating to the disclosure of information and/or documents relating to the Lawsuit (which are defined in the Consent Protective Order as "Confidential Information") that may be provided to me by Plaintiff's or Defendants' counselor or their representatives. I agree not to disclose information designated thereunder as "Confidential Information" to any person not entitled to access to such information under the Consent Protective Order. I further agree not to copy or use any materials designed thereunder as Confidential Information for any purpose other than in connection with this litigation.

_____
[Signature]

Name: _____

Address: _____
_____

Date: _____

Sworn to and subscribed before me
this the _____ day of _____, 20_____.

_____
Notary Public

Name: _____

My Commission Expires: _____

16