IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No. 5:18-cv-00148-FL

BETTY EILEEN DONOVAN, )
)
    Plaintiff, )
)
v. )
)
BRAGG MUTUAL FEDERAL CREDIT UNION )
and JOHN SZOKA, individually, )
)
    Defendants. )
_____)

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Plaintiff Betty Eileen Donovan ("Ms. Donovan"), by and through her attorneys, files this brief in support of her Rule 15 Motion for Leave to File a Second Amended Complaint.

**NATURE OF THE CASE & RELEVANT FACTS**

Ms. Donovan initiated this action against Defendants on April 9, 2018. Ms. Donovan filed her First Amended Complaint on May 25, 2018. [DE 20]. On June 8, 2018, Defendants filed their Motion to Dismiss the First Amended Complaint, along with their Answer and Defenses to the First Amended Complaint. On January 14, 2019, this Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss the First Amended Complaint. [DE 32].

Ms. Donovan has filed the instant Motion, which Defendants have not consented to in writing: (i) so that she can further amend her Complaint to add a claim for Title VII sex discrimination in accordance with the right-to-sue letter she received from the Equal Employment Opportunity Commission ("EEOC"); and (ii) to otherwise ensure any newly-amended complaint conforms with the Court's January 14, 2019 Order, which dismissed certain

claims without prejudice. In accordance with the January 14 Order, Ms. Donovan reserves the right to seek leave to re-plead any claims dismissed without prejudice should it become appropriate to do so under the procedural rules or otherwise.

## ARGUMENT

The Court should grant the instant Motion because it is in the interests of justice to allow Ms. Donovan to file a Second Amended Complaint and the proposed amendments are not otherwise futile. Moreover, there has been no undue delay; no bad faith/dilatory tactics; and Defendants will not be prejudiced by the filing of a Second Amended Complaint.

### I. APPLICABLE LEGAL STANDARDS

The framework for filing an Amended Complaint is set forth in Rule 15 of the Federal Rules of Civil Procedure. Rule 15 states in pertinent part as follows:

> **(a) Amendments Before Trial.**
>
> **(1) Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15. As Courts in this Circuit instruct, "[t]he federal policy of liberality in permitting amendments to pleadings, as embodied in [Fed. R. Civ. P. 15], is self-evident." Davenport v. Ralph N. Peters & Co., 386 F.2d 199, 204 (4th Cir. 1967). Consequently, courts should not deny Rule 15 motions unless the amendment would be prejudicial to the opposing party; is being made in bad-faith; and/or would be futile. See Goodwyn v. Siemens Dematic Corp., 2004 U.S. Dist. LEXIS 31574, at **5-6 (E.D.N.C. July 21, 2004) (citations omitted); see

also Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010) ("It is this Circuit's policy to liberally allow amendment in keeping with the spirit of [Fed. R. Civ. P.] 15(a).") (citation omitted); Harless v. CSX Hotels, Inc., 389 F.3d 444, 447 (4th Cir. 2004) ("Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed.") (citation omitted).

## II. THE COURT SHOULD ALLOW MS. DONOVAN TO FILE HER PROPOSED SECOND AMENDED COMPLAINT

The Court should grant Ms. Donovan's Motion because the proposed Second Amended Complaint simply seeks: (i) to add a Title VII claim that could not have otherwise been brought until Ms. Donovan received a right-to-sue letter from the EEOC; and (ii) to otherwise make an amended complaint conform with a prior Order from the Court.

The proposed amendments are not futile; have not been made in bad-faith; and are not being made for the purpose of delay. Defendants also will not be unduly prejudiced by the filing of a Second Amended Complaint. Ms. Donovan's Title VII sex discrimination claims are premised upon the same allegations as her sex discrimination claims under state law and discovery in this matter remains ongoing. Allowing the filing of a Second Amended Complaint will preserve the parties' and the Court's time and resources as Ms. Donovan's Title VII claims can be tried at the same time as her original claims.

## CONCLUSION

For all of the foregoing reasons, the Court should grant Ms. Donovan's Rule 15 motion and allow her to file: (i) the proposed Second Amended Complaint attached as Exhibit A to Ms. Donovan's Rule 15 motion; or (ii) a different Amended Complaint in accordance with any instructions from the Court.

Respectfully submitted this 18th day of February, 2019.

**THE NOBLE LAW FIRM, PLLC**

*/s/ Nicholas J. Sanservino, Jr.*
Nicholas J. Sanservino, Jr. (N.C. Bar No. 36557)
Laura L. Noble, Esq. (N.C. Bar No. 38691)
141 Providence Road, Suite 210
Chapel Hill, N.C. 27514
Telephone: (919) 251-6008
Facsimile: (919) 869-2079
nick@thenoblelaw.com
lnoble@thenoblelaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 18, 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

      Connie E. Carrigan, Esq.
      Smith, Debnam, Narron, Drake, Saintsing & Myers, LLP
      P.O. Box 26268
      Raleigh, N.C. 27611
      ccarrigan@smithdebnamlaw.com
      *Attorneys for Defendants*

      */s/ Nicholas J. Sanservino, Jr.*
      Nicholas J. Sanservino, Jr.